UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NESTOR ALBERTO CORBA HAMON,

Petitioner,

v.

Case No. 2:26-cv-2483-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.

_______________________________/

**ORDER**

Petitioner Nestor Alberto Corba Hamon was provided with a bond hearing under 8 U.S.C. § 1226(a) on July 30, 2026. (Doc. 5-1 at 10-11.)[1] He argues that this proceeding before an immigration judge was constitutionally deficient and asks the Court to release him or order a new hearing. (Doc. 1.) The Government opposes the petition. (Doc. 5.)

Hamon offers several arguments that, in substance, attack the merits of the immigration judge's bond decision. For instance, the bond order "rests on findings about [Hamon's] criminal record that the record itself contradicts." (Doc. 1 at 11.) But these arguments are not justiciable here. Congress could not have been clearer when it wrote 8 U.S.C. § 1226(e),

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

explicitly stripping federal courts of authority to review "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [an alien's] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). This provision closes the door on judicial review of the executive branch's discretionary detention choices. *Id.* at 295. While federal courts may retain a narrow window to address colorable constitutional claims, a litigant cannot bypass that boundary simply by slapping a constitutional label on what is a factual grievance. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]").

Hamon's petition is partially an invitation for this Court to reweigh the facts from the bond hearings and reach a different result. (Doc. 1 at 9-12.) But that is exactly the kind of factual second-guessing § 1226(e) prohibits. Hamon's remedy for any perceived error lies with an appeal to the Board of Immigration Appeals, not a habeas petition *See, e.g., Chox v. Hardin*, No. 2:26-cv-165-JES-DNF, Doc. 17 at 2 (M.D. Fla. Mar. 24, 2026).

But Hamon also argues that the immigration bond hearing he received was constitutionally deficient because he was given the burden of proof. (Doc. 1 at 9.) That *is* a claim this Court can address. *See Hernandez Garcia v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-02065-SPC-NPM, 2026 WL

1953128, at *1 (M.D. Fla. July 7, 2026); *Rubio v. Hardin*, No. 2:26-CV-125-KCD-NPM, 2026 WL 1390984, at *1 (M.D. Fla. May 19, 2026).

The Court agrees that the Government must bear the burden of proof to pass constitutional muster. *See Tejada v. Powell*, No. 7:26-CV-01111-MHH-NAD, 2026 WL 2240991 (N.D. Ala. July 29, 2026). "In sum, detainees' fundamental liberty interest is severely impacted by placing the burden of proof on them, while the government's interests are minimally affected by assigning the burden of proof to the government. Therefore, due process requires placing the burden of proof on the government." *Id.* at *8.

Because Hamon's bond hearing was constitutionally insufficient on the current record, the habeas petition is **GRANTED IN PART**. Within ten days of this order, the Government shall either bring Hamon for an individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026). The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on October 3, 2026.

Kyle C. Dudek
United States District Judge